IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JAMIE VELASQUEZ,

    Plaintiff,
v.                                                  CASE No. 4:16-cv-731-MW-GRJ

SGT. B. GRAHAM, et. al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Pending before the Court is the Motion to Dismiss by Defendants Sgt. B. Graham and Officer K. Robinson, ECF No. 36. Plaintiff filed a response in opposition to Defendants' motion, ECF No. 41, and Defendants' motion is therefore ripe for review. For the following reasons, it is recommended that the motion to dismiss be granted.

**I. Background**

Plaintiff, an inmate in the custody of the Florida Department of Corrections presently confined at Marion Correctional Institution, initiated this case by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff is proceeding pursuant to an Amended Complaint, ECF No. 12 (hereafter "Complaint"). The allegations of the Complaint stem from the conditions of confinement at Jefferson CI. Plaintiff alleges that in August 2012 Officer K. Robinson verbally abused, threatened, and cursed

at Plaintiff.  Robinson sent Plaintiff to speak with Defendant Graham, who also verbally abused him and threatened him for writing grievances. Plaintiff told Graham he was afraid of Robinson, and requested to be moved to a different dormitory.  In mid-September 2012, Plaintiff was moved.  However, Robinson continued to verbally abuse him when she appeared in his new dormitory to deliver a work schedule. ECF No. 12 at 5-6.

In October 2012, Robinson was assigned to work in Plaintiff's dormitory.  During an inmate count, Graham had Plaintiff locked up for disorderly conduct.  Plaintiff alleges that the purpose for locking him up was in retaliation for writing grievances against Graham and Robinson. Plaintiff was released from confinement in November 2012 and was assigned to a different dormitory.  He alleges that he wrote another grievance against Graham after Graham continued to threaten him for writing grievances, including making threats of physical violence.  Plaintiff alleges that Graham told him that he "lied on the disciplinary report" in order to have Plaintiff locked up.  Graham made a "degrading racial remark" about Plaintiff in the presence of other officers.  *Id*. at 6-8.

Plaintiff alleges that on December 14, 2012, Robinson was working in his dormitory.  Robinson opened both laundry room doors, which created

access to another inmate wing. Immediately after unlocking the doors, inmate Spencer Faison ran through the unlocked door and pushed Plaintiff head first into a steel-framed bunk bed, causing Plaintiff to lose consciousness and fall. Faison continued to attack Plaintiff by punching him in the head and face. Plaintiff alleges that Robinson "actively aided" the assault by allowing Faison access to Plaintiff's dormitory. Plaintiff alleges that Robinson took steps to cover up her role in the assault, including by failing to report the incident and failing to send Plaintiff to the medical department. Plaintiff was placed in administrative confinement, where officers continued to threaten and harass him. Plaintiff alleges that he wrote grievances about the incident, but officers maliciously lost his mail. Plaintiff subsequently was transferred to three different institutions before arriving at Marion CI. *Id*. at 8-10.

Plaintiff alleges that Robinson orchestrated the attack on him, in violation of his Eighth Amendment rights. He contends that Robinson retaliated against him in violation of his First Amendment rights. Plaintiff contends that Graham verbally abused and threatened him, and wrote a false disciplinary report against him, in violation of his First Amendment

rights. *Id*. at 11-17.[1]

Defendants Graham and Robinson move to dismiss Plaintiff's complaint, arguing that: (1) All of Plaintiff's claims against Robinson are barred by the doctrine of *res judicata* because such claims were dismissed in a prior case filed by Plaintiff: *Velazquez v. Robinson*, Case No. 4:13-cv-382-MW-CAS (N.D. Fla. Feb. 4, 2016) (hereafter "*Velazquez I*");  (2) Even if *res judicata* does not apply, Plaintiff failed to exhaust administrative remedies with respect to the alleged orchestrated assault and fails to state a claim for verbal abuse; and (3) to the extent that any claims remain, Plaintiff would be entitled only to nominal damages because he suffered no physical injury stemming from his other claims.

## II.  Standard of Review

For purposes of the motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to the plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. *Jackson v. Okaloosa County, Fla.,* 21 F. 3d 1532, 1534 (11th Cir. 1994).  Further, the Court must limit its consideration to the

---

[1] Plaintiff also named inmate Faison and Inspector Beasley as defendants.  The Court determined that the allegations were insufficient to state cognizable claims against Faison and Beasley, and did not direct service of process upon those defendants.  ECF No. 14.

complaint and written instruments attached as exhibits. Fed. R. Civ. P. 10(c); *GSW, Inc. V. Long County, Ga.,* 999 F.2d 1508, 1510 (11th Cir. 1993). The Court may, however, take judicial notice of its own records. *See United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987).

In *Ashcroft v. Iqbal*, 556 U.S. 662, 679–80 (2009), the Supreme Court of the United States articulated a two-pronged approach for evaluating a motion to dismiss under Rule 12(b)(6): First, the court must determine what factual allegations in the complaint are entitled to a presumption of veracity; second, the court must then assess whether these facts give rise to an entitlement for relief. In determining whether factual allegations are entitled to the presumption of truth, the Court stated that it was not whether the facts are "unrealistic or nonsensical" or even "extravagantly fanciful," but rather it is their conclusory nature that "disentitles them to the presumption of truth." *Id.* at 681. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 546 (2007). "While the pleadings of *pro se* litigants are 'liberally construed,' they must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. St. Lucie County School Bd.,* 399 F. App'x 563, 565 (11th Cir. 2010) (unpublished) (citations

omitted) (applying the pleading standards of *Iqbal* and *Twombly* to a *pro se* complaint).[2]

## III.  Discussion

There is no dispute that the claims in the prior case stem from the same incidents underlying this case and concern the identical defendants. In the prior case, Defendants Graham and Robinson also filed a motion to dismiss on the grounds that: (1) Plaintiff failed to exhaust administrative remedies as to events associated with the assault by Faison on December 14, 2012; (2) Plaintiff's retaliation claim failed to state a claim upon which relief may be granted; and (3) Plaintiff's claim stemming from verbal threats and derogatory language by Defendants was insufficient to state a claim upon which relief may be granted. *Velazquez I*, ECF No. 33.

The Magistrate Judge made the following findings based on the motion to dismiss and Plaintiff's response in *Velazquez I*.  Plaintiff conceded that he did not initiate the administrative remedy process with respect to the December 14, 2012, attack until February 6, 2013, when he filed an informal grievance that was returned.  *Id*., ECF No. 40 (citing the Complaint, ECF No. 18).  Because Plaintiff failed to timely initiate and

---

[2] Pursuant to Eleventh Circuit Rule 36-2, unpublished opinions are not considered binding precedent, but may be cited as persuasive authority.

complete the administrative remedy process, his claims concerning the attack by Faison, Robinson's alleged role in the attack, and its immediate aftermath were due to be dismissed. *Id*. at 5-6.

The Magistrate Judge determined that Plaintiff's allegations of verbal abuse were insufficient to state a constitutional deprivation under § 1983, in accordance with well-settled case law. *Id*. at 7 (citing *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979); *Edwards v. Gilbert*, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989); *Hernandez v. Dept. of Corr.*, 281 Fed. Appx. 862, 866 (11th Cir. June 9, 2008); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139-40 (9th Cir. 1987); *Martin v. Sargent*, 780 F.2d 1334, 1339 (8th Cir. 1985) ; *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983); *Stacey v. Ford*, 554 F. Supp. 8, 9 (N.D. Ga. 1982)).

The Magistrate Judge determined that Plaintiff's allegations of retaliation against Graham, including that Graham issued him a false disciplinary report and verbally threatened him with additional reprisals for writing grievances, sufficiently alleged a First Amendment retaliation claim against Graham. *Id*. at 6-7.

In light of these findings, the Magistrate Judge recommended that the motion to dismiss be granted in part with respect to Plaintiff's claims

against Robinson concerning the alleged orchestrated attack for failure to exhaust administrative remedies and failure to state a claim. *Id*. ECF No. 40 at 8. The Magistrate Judge also recommended that the motion be granted with respect to Plaintiff's claims against inmate Faison for failure to exhaust administrative remedies and failure to state a claim. *Id*. The Magistrate Judge recommended that Plaintiff's claims against Robinson and Graham for verbal abuse should be dismissed for failure to state a claim, in accordance with the foregoing case law. *Id*. The Magistrate Judge recommended that the case be remanded for further proceedings on Plaintiff's sole remaining claim against Graham for retaliation in violation of his First Amendment rights. *Id*.

Plaintiff did not object to the Report and Recommendation. Defendant Graham objected, contending that Plaintiff was afforded due process in the underlying disciplinary hearing and that his claim for compensatory and punitive damages was barred by 42 U.S.C. § 1997e. ECF No. 41. The District Judge adopted the Report and Recommendation. *Id*. at ECF No. 42. All of Plaintiff's claims against Robinson and Graham were dismissed, except for Plaintiff's First Amendment retaliation claim against Graham, which was remanded for

further proceedings.  *Id.*  The District Judge explained that:

> In so ruling, this Court notes that Defendant Graham did not move to strike Plaintiff's claims for damages and thus Plaintiff was not afforded an opportunity to respond.  While Plaintiff may only have a claim for nominal damages, the issue has not properly been raised.  As for Defendant's retaliation claim, it is certainly possible that his claim as it relates to an allegedly false or retaliatory disciplinary report may be subject to dismissal because Plaintiff may have received due process.  This Court is mindful of the documents submitted by Defendant Graham in support of his motion to dismiss . . . and the issue will undoubtedly be revisited on summary judgment.

*Id*. at 2.  Judgment was entered on December 15, 2014.  *Id*.

The parties thereafter engaged in discovery on Plaintiff's sole remaining retaliation claim against Graham, and Graham moved for summary judgment.  ECF No. 55.  The Magistrate Judge determined, based on the summary judgment evidence, that Plaintiff failed to come forward with evidence establishing that Graham had any knowledge of Plaintiff's grievances prior to making the alleged retaliatory threats.  With respect to the disciplinary report, the Magistrate Judge found that Plaintiff could not state a retaliation claim because he had been found guilty of the behavior underlying the disciplinary report and he was afforded adequate due process at the disciplinary hearing.  *Id*., ECF No. 63 at 13-15. (citing *Malloy v. Peters*, 617 F. App'x 948, 950 (11th Cir. 2015); *O'Bryant v. Finch*,

637 F.3d 1207, 1212 (11th Cir. 2011); *Smith v. Mosely*, 532 F.3d 1270, 1276 (11th Cir. 2008). The Magistrate Judge thus concluded:

> In this case, even if Defendant Graham had some impermissible reason to charge Plaintiff with a disciplinary report, Plaintiff would have been disciplined anyway as the disciplinary team found him guilty of the charged conduct and his disciplinary report was not subsequently overturned. The evidence sufficiently demonstrates that Plaintiff was provided due process and, thus, summary judgment should be granted in Defendant's favor on the second retaliation claim concerning the October 2, 2012, disciplinary report.

*Id*. at 15. The Magistrate Judge recommended that Graham's motion for summary judgment be granted. *Id*. at 16.

Instead of filing objections to the Report and Recommendation, Plaintiff filed a notice of voluntary dismissal. ECF No. 64. Defendant Graham filed a response in opposition, ECF No. 67, arguing that Plaintiff's motion was an attempt to avoid imposition of a cost judgment. Defendant submitted exhibits reflecting deposition transcript and copying costs of $413.71. ECF No. 67.

The Magistrate Judge determined that the pendency of the summary judgment motion did not preclude the court from granting a Rule 41(a)(2) voluntary dismissal without prejudice. The Magistrate Judge warned Plaintiff, however, that pursuant to Rule 41(d) "[s]hould Plaintiff refile his

claim against Defendant Graham, costs of $413.71 will be imposed." The Magistrate Judge granted Plaintiff's motion and dismissed the remaining claim against Graham without prejudice. ECF No. 68. On February 4, 2016, the District Judge entered an order confirming that all of Plaintiff's claims had been dismissed by the order adopting the first Report and Recommendation, ECF No. 42, except for the one remaining claim against Graham which was dismissed by the Magistrate Judge pursuant to Plaintiff's notice of voluntary dismissal. All claims having been dismissed, the file was closed on February 4, 2016. ECF No. 69.

On this record, it is clear that all of Plaintiff's claims, with the exception of the claim against Graham that was voluntarily dismissed without prejudice, are precluded from relitigation in this case. Defendants contend that Plaintiff's claims stemming from the December 14, 2012, attack are barred by *res judicata*. *Res judicata* bars the filing of claims which were raised or could have been raised in an earlier proceeding. *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999). An action is barred by prior litigation if: (1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and

*Page 12 of 17*

(4) the same cause of action is involved in both cases. *Schafler v. Indian Spring Maintenance Ass'n*, 139 F. App'x 147, 150 (11th Cir. 2005).

As Defendants concede, the Eleventh Circuit has held that a dismissal for failure to exhaust administrative remedies is *not* an adjudication on the merits. *See Bryant v. Rich*, 530 F.3d 1368, 1374 (11th Cir. 2008) ("exhaustion of administrative remedies is a matter in abatement and not generally an adjudication on the merits."); *Howard v. Gee*, 297 Fed. Appx. 939 (11th Cir. 2008).[3]  Such a determination is, however, subject to being collaterally estopped from relitigation. *See Hamze v. Cummings*, 652 Fed. Appx. 876, 879 (11th Cir. 2016).  In *Hamze*, the Eleventh Circuit affirmed the district court's determination that collateral estoppel barred relitigation of an inmate's civil rights claims that were dismissed without prejudice in a previous case for failure to exhaust administrative remedies.  As the Eleventh Circuit explained:

> Collateral estoppel, also known as issue preclusion, "refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984); *accord Matter of McWhorter*, 887 F.2d 1564, 1567 (11th Cir. 1989) ("Collateral estoppel is appropriate

---

[3] Pursuant to 11th Cir. R. 36-2, unpublished opinions are not binding precedent, but may be cited as persuasive authority.

>only when the identical issue has been fully litigated in a prior case." (internal quotation marks omitted)). The party seeking to bar an issue on collateral estoppel grounds must show that: (1) the issue in the current and prior actions is identical; (2) the issue was actually litigated in the prior suit; (3) the determination of the issue was critical and necessary to the judgment in the prior action; and (4) the party against whom the doctrine is invoked had a full and fair opportunity to litigate the issue in the prior proceeding. *CSX Transp., Inc. v. Brotherhood of Maintenance of Way Employees*, 327 F.3d 1309, 1317 (11th Cir. 2003). "Collateral estoppel ... is not limited to parties and their privies. . . . An issue has been "actually litigated" when it was properly raised by the pleadings or otherwise, submitted to the court for determination, and actually determined. *See Christo v. Padgett*, 223 F.3d 1324, 1339 (11th Cir. 2000).

*Hamze*, 652 Fed. Appx. at 879.

Here, as in *Hamze*, the issue of exhaustion regarding the December 12, 2014, incident was raised in *Velazquez I*, actually litigated, and is identical to the exhaustion issue raised in this case. Plaintiff had a full and fair opportunity to litigate the issue in *Velazquez I*, and in fact failed to object to the Magistrate Judge's determination that the claim was unexhausted when afforded an opportunity to do so. The issue of exhaustion was necessary to the Court's prior judgment dismissing claims stemming from the December 12, 2014, incident. Thus, this Court may apply collateral estoppel to again conclude that Plaintiff failed to exhaust his administrative remedies as to such claims. *See Hamze*, 652 Fed.

Appx. at 879.

For the same reasons, Plaintiff's allegations of verbal abuse by Defendants are not subject to relitigation because this Court in *Velazquez I* determined that the alleged verbal abuse was insufficient to amount to a constitutional deprivation under § 1983, in accordance with well-settled case law.  *See Velazquez I*, ECF No. 33 at 7.  Again, Plaintiff had a full and fair opportunity to litigate this issue in the prior case, and failed to object to the Court's determination that the claims were due to be dismissed.  The determination that the allegations were insufficient to state a claim was necessary to the prior judgment dismissing the claims.  Thus, this Court may apply collateral estoppel to again decide that Plaintiff's claims of verbal abuse by Defendants are insufficient to state a constitutional claim.

The only claim asserted in this case that arguably is not foreclosed from relitigation is Plaintiff's claim of retaliation against him by Defendant Graham, a claim that the Court dismissed without prejudice pursuant to Plaintiff's notice of voluntary dismissal.  Defendants are correct, however, that Plaintiff is not entitled to seek compensatory or punitive damages for such claims.  Under the PLRA, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental

or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).  According to the Eleventh Circuit, the PLRA precludes claims for punitive and compensatory damages absent a showing of physical injury. *Al-Amin v. Smith*, 637 F.3d 1192, 1198 (11th Cir. 2011) (citing *Smith v. Allen*, 502 F.3d 1255, 1271 (11th Cir. 2007)).  Because Plaintiff seeks both compensatory and punitive damages, the relevant inquiry is whether Plaintiff has shown a physical injury.

The Court concludes that Plaintiff has failed to show the requisite physical injury for a claim for punitive or compensatory damages. "In order to avoid dismissal under § 1997e(e), a prisoner's claims for emotional or mental injury must be accompanied by allegations of physical injuries that are greater than de minimis." *Mann v. McNeil*, 360 F. App'x 31, 31 (11th Cir. 2010) (quoting *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1312–13 (11th Cir. 2002)).  Although the injuries must be greater than de minimis, the physical injuries need not be significant. *Dixon v. Toole*, 225 F. App'x 797, 799 (11th Cir. 2007); *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 1999), *op. reinstated in part on rehearing*, 216 F.3d 970 (2000).

In his opposition to the motion to dismiss, Plaintiff argues that he has

suffered "left arm 'muscular dystrophy' and permanent 'visual lost' [sic]." ECF No. 41 at 13.  There are no factual allegations in the Complaint that would reasonably support a conclusion that Plaintiff sustained any physical injury stemming from Graham's alleged retaliatory threats and alleged false disciplinary report.  Thus, if Plaintiff proceeds with his retaliation claim against Graham, he will be entitled to claim only nominal damages—typically $1.00.  If Plaintiff chooses to proceed with this case, he should be required to amend his Complaint to allege only a claim for nominal damages stemming from Graham's alleged retaliation.

Further, Plaintiff was previously warned that if he refiled his retaliation claim against Graham in a new case, then pursuant to Rule 41(d) costs of $413.71 would be imposed.  ECF No. 68 at 5.  Rule 41(d) provides that if a "plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied." Fed. R. Civ. P. 41(d).  In view of the Court's prior order, if Plaintiff elects to proceed with a claim for nominal damages only against Graham, then Plaintiff should be ordered to pay Defendants $413.71 in

costs for the prior case before this case is allowed to proceed further.

## IV.  Conclusion

For the foregoing reasons it is respectfully **RECOMMENDED**:

1.  Defendants' motion to dismiss, ECF No. 36, should be **GRANTED in part** as to all claims decided in the Court's order and judgment in *Velazquez I*, ECF Nos. 42 and 43, because such claims are barred by collateral estoppel from relitigation.

2.  This case should be remanded to the undersigned for further proceedings to determine whether Plaintiff intends to proceed with his retaliation claim against Graham for nominal damages only, and if so for the imposition of an order to pay Defendants $413.71 in costs before this case proceeds further, pursuant to Fed. R. Civ. P. 41(d).

**IN CHAMBERS,** at Gainesville, Florida, this 13th day of June 2018.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**